UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOFIA EL MISSAOUI,

    Plaintiff,

v.                              Case No. 8:22-cv-814-VMC-MRM

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## Order

This matter comes before the Court in consideration of Plaintiff Sofia El Missaoui's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) (Doc. # 25), filed on September 15, 2023. For the reasons that follow, the Motion is granted.

## Discussion

On July 14, 2023, the Court entered an order reversing and remanding the Commissioner's decision against Plaintiff, pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 23). The Clerk then entered judgment in Plaintiff's favor. (Doc. # 24). Plaintiff now requests an award of attorney's fees in the amount of $8,059.91. (Doc. # 25).

Under the Equal Access to Justice Act ("EAJA"), "an award of attorney's fees and costs [is paid] to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust." Adair v. Comm'r of Soc. Sec., 8:17-cv-960-VMC-CPT, 2018 WL 6680938, at *1 (M.D. Fla. Oct. 22, 2018).

"A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust." Basich v. Comm'r of Soc. Sec., 8:22-cv-1757-JSS, 2023 WL 3620651, at *1 (M.D. Fla. May 24, 2023) (citing 28 U.S.C. § 2412(d)). "A party who obtains a sentence-four remand in a Social Security case is

2

considered a prevailing party under the EAJA." Id. (citing Shalala v. Schaefer, 509 U.S. 292, 302 (1993)).

Here, Plaintiff timely filed her application for EAJA fees. An application for fees pursuant to the EAJA must be filed within thirty days (30) of the final judgment. 28 U.S.C. § 2412(d)(1)(B). "A final judgment is a judgment that is no longer appealable, and a party has sixty (60) days from the date of the entry of judgment to file an appeal." Marrone v. Comm'r of Soc. Sec., 2:21-cv-625-JLB-NPM, 2023 WL 7926847, at *1 (M.D. Fla. Feb. 21, 2023) (first citing Fed. R. App. P. 4(a); then citing Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990)). Here, the judgment was entered on July 18, 2023 (Doc. # 24) and Plaintiff filed her motion on September 15, 2023, less than ninety (90) days later. (Doc. # 25). Accordingly, her motion was timely.

Plaintiff also satisfies all other prerequisites. In her Motion, Plaintiff asserts that her "net worth at the time this proceeding was filed was less than two million dollars." (Id. at ¶ 9). The Commissioner does not contest this assertion. Therefore, this requirement is deemed to have been met. Plaintiff was also the prevailing party in her social security action, as she obtained a remand pursuant to sentence four remand under 42 U.S.C. § 405(g). (Doc. # 23); see

3

Shalala, 509 U.S. at 302 (determining that a party who obtains a sentence-four remand in a Social Security case is a prevailing party under the EAJA). Further, Plaintiff contends that Defendant's position was not substantially justified. (Doc. # 25 at ¶ 8). Finally, while Plaintiff does not specifically assert that no special circumstances exist which would make an award of attorney's fees and costs unjust in this instance, the Court determines that none exist. Defendant does not challenge Plaintiff's contentions, nor oppose this motion. (Id. at 1). Therefore, Plaintiff is entitled to attorney's fees pursuant to the EAJA.

> Subsection 2412(d)(2)(A) states that:
>
> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Based on this statutory language, analysis of an appropriate hourly rate consists of two steps. "First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation." Curlee v. Kijakazi, No. 8:22-cv-1697-CPT, 2023 WL 8806568, at

4

\*1 (M.D. Fla. Dec. 20, 2023) (citing Meyer v. Sullivan, 958 F.2d 1029, 1033 (11th Cir. 1992)). "Second, if the prevailing market rate is more than $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor." Id. (citing Meyer, 958 F.2d at 1033-34).

The appropriate market rate is not subject to precise calculation. "In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly rates exceeding $200." Id. at \*2. Therefore, the market rate exceeds the statutory cap of $125. Courts often use the Bureau of Labor Statistics' Consumer Price Index ("CPI") to determine the cost of living adjustments under the EAJA. Id. The Court will do the same here.

Plaintiff seeks an attorney's fee award of $8,059.91. (Doc. # 25 at 1). This amount is based on Plaintiff's attorneys expending 34.20 hours on the case at hourly rates of $234.95 in 2022 and $243.75 in 2023. (Id. at ¶¶ 11, 12). The attorneys have provided an itemized list of the services provided and the amount of time dedicated to each service. (Doc. # 25-1 at 17-18).

The Court determines that the fee request is reasonable given the Defendant's lack of objection, the hours reasonably associated with Plaintiff's attorneys' efforts to prosecute the case, and the fair hourly rate. See Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (noting that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value" (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940))). Plaintiff does not seek costs.

If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. # 25-2) and pay the fees directly to Plaintiff's counsel. See Astrue v. Ratliff, 560 U.S. 586, 597 (2010) (discussing the government's practice to only make direct payment of attorney's fees in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Sofia El Missaoui's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) (Doc. # 25) is **GRANTED**. Plaintiff is awarded $8,059.91 in attorney's fees. The Clerk is directed to enter an amended judgment accordingly.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of April, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE